COMMONWEALTH *vs.* FREDERICK R. WHITCOMB, THIRD. No. 93-P-1092. October 14, 1994. *Practice, Criminal*, Dismissal. *Constitutional Law*, Arrest. *Bail.*

On March 30, 1992, the defendant was the subject of a complaint charging him with operating a motor vehicle while under the influence of intoxicating liquor. On April 22, 1992, the defendant filed a motion to dismiss the complaint on the grounds that his right to bail and his right to an independent medical examination were violated. In an affidavit that accompanied his motion, the defendant claimed that he was arrested and charged with operating under the influence of liquor at approximately 2:30 A.M. He was transported to the police station and "kept in custody . . . until 8:50 A.M. when [he] paid twenty-five dollars and was released from jail." The defendant stated that he was not given the opportunity to use the telephone until 8:30 A.M. According to the defendant, if he had been given the opportunity at an earlier time, he "would have been able to contact a family member or friend to pick [him] up at the station."

A District Court judge held an evidentiary hearing on the motion. After hearing testimony from the arresting officer and the defendant, the judge denied the motion. He did not make any findings of fact. Later, the defendant was found guilty by a judge sitting without a jury. He filed a timely appeal, raising one issue — the denial of his dismissal motion.

On May 12, 1994, the appeal came before a panel of this court. After listening to arguments, it became apparent that the judge's findings of fact were of considerable importance in deciding the issue. Therefore, we ordered that further consideration of the appeal be stayed pending receipt in this court of the motion judge's findings of fact. On June 3, 1994, we received the judge's findings of fact. Supplemental letter briefs were subsequently filed by counsel.

We summarize the judge's findings of fact. On March 28, 1992, an Andover police officer observed a motor vehicle operated by the defendant proceed through a red light at the intersection of routes 28 and 133 in Andover. The officer followed the vehicle and noticed that it crossed over the "fog line" into the dirt area and then over the center yellow line. The officer stopped the vehicle and noticed that the defendant was unsteady on exiting the vehicle and had to be assisted. There was an odor of liquor on

his breath, his eyes were glassy, and a half-full container of beer was found in the vehicle. The defendant failed four field sobriety tests.

The defendant was transported to the Andover police station. There he was advised of his Miranda rights, the right to use the telephone, the right to a breathalyzer test, and the right to a medical examination. According to the judge, "[t]he defendant refused to sign a form indicating that he had been advised of his rights, refused to answer any of the booking questions, and did nothing to avail himself of any of the rights mentioned. He was uncooperative and placed in a cell at approximately 3 A.M. with the booking procedure not completed." The defendant was released by the clerk-magistrate at 8:50 A.M.[1]

"The burden is on the defendant[ ], of course, to establish the facts, if any, necessary to support a motion to dismiss." *Commonwealth* v. *Benjamin*, 358 Mass. 672, 676 n.5 (1971). Here, the judge held an evidentiary hearing on the motion, and his determination of credibility was adverse to the defendant. "We shall not disturb this determination because the judge had the unique opportunity to observe and evaluate the witnesses and resolve the issue of credibility." *Commonwealth* v. *Lanoue*, 392 Mass. 583, 588 (1984).

It is clear from the judge's findings of fact that, contrary to the defendant's claim, he was advised of his right to use the telephone and of his right to a medical examination. The judge further found that the defendant, after being notified of his rights, did not avail himself of those rights. Therefore, the defendant's right to use the telephone was not denied.

In regard to the bail hearing matter, the judge found that, when the defendant was placed in the cell, the booking procedures were not completed because the defendant refused to cooperate with the authorities. Until the booking procedures were completed, we hold that the defendant was not entitled to a bail hearing.

We also note that the defendant was alone when he was arrested. Further, there was no evidence that a responsible person, on behalf of the defendant, was present at the police station at 5 A.M. when the clerk-magistrate was present. Therefore, there was no person present into whose custody the defendant could have safely been released, see, e.g., *Commonwealth* v. *O'Connor*, 406 Mass. 112, 120 (1989)(police face tort liability for premature release of intoxicated defendant) or who could have acted as surety in entering into the bail contract (see Rule 28 of Rules Governing Persons Authorized to Take Bail).[2]

---

[1]Although the judge did not make any finding, the undisputed fact is that the clerk-magistrate was present at the police station at 5 A.M.

[2]Rule 28 states: "Persons authorized to take bail shall take all necessary steps to see to it that all persons offering themselves as principals or sureties understand fully the nature of the obligation into which they seek to enter. This applies especially where proposed principals or sureties are not familiar with the English language. Persons taking bail must be equally certain that they fully understand the

The judge did not commit error in denying the defendant's motion to dismiss the complaint.

*Judgment affirmed.*

*Janet H. Pumphrey* for the defendant.

*Laurie F. Rubin*, Special Assistant District Attorney (*Elin H. Graydon*, Assistant District Attorney, with her) for the Commonwealth.

---

answers made to them by proposed principals or sureties under examination. Where the services of an interpreter are necessary the interpreter must first be sworn to do his work faithfully, impartially and with the best of his skill and ability."

While the rule emphasizes the necessity of assuring that non-English speaking principals and sureties understand the nature of the obligation involved, the rule also applies to individuals whose understanding is impaired by alcohol or drugs.

